# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROXANE TISO | : |
| | : CIVIL ACTION |
| Plaintiff, | : |
| | : |
| v. | : |
| | : NO. 13-0253 |
| BUCKS COUNTY CLEANING, INC. | : |
| | : |
| Defendant. | : |

### MEMORANDUM

BUCKWALTER, S.J.                                                                                                               May 22, 2013

Currently pending before the Court is Defendant Bucks County Cleaning, Inc.'s Motion to Dismiss Plaintiff Roxane Tiso's Complaint. For the following reasons, the Motion is denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This employment discrimination suit arises out of Plaintiff's termination from Defendant Bucks County Cleaning, Inc. The facts, as taken from the Complaint, are as follows. Plaintiff was hired by Defendant in or about November of 2005, where she was employed for approximately five years as a laborer and cleaner. (Compl. ¶¶ 11, 13.) At all times relevant to this case, Ms. Tiso was suffering from Crohn's disease, gastrointestinal problems, and kidney problems. (Id. ¶ 14.) These disabilities caused her abdominal pain, bouts of diarrhea, dramatic weight loss, fatigue, and other problems which, at times, limited her ability to perform life activities such as working. (Id. ¶ 15.) In the fall of 2009, Ms. Tiso confided in Elizabeth Updegrave, the president, owner, and operator of Bucks County Cleaning, about her health

conditions and limitations. (Id. ¶¶ 12, 16.) In or about September 2009, Ms. Tiso requested a short medical leave in the not-to-distant future. (Id. ¶¶ 16–17.) Ms. Updegrave immediately told Ms. Tiso that she was not permitted to work because she did not believe Tiso could perform her job in light of her health conditions. (Id. ¶ 17.) As of September 11, 2009, Ms. Tiso was not permitted to continue working for Defendant. (Id. ¶ 18.) Ms. Tiso repeatedly attempted to return in September 2009, but Ms. Updegrave expressed concern with her being unable to work, questioned her repeatedly about the specifics of her health problems, and perceived her as being unable to work. (Id. ¶ 19.) No doctor at that time had advised or concluded that Ms. Tiso could not work. (Id.) Plaintiff contends she only needed a three to four week medical leave of absence from October 2009 to November 2009, and provided this request to Ms. Updegrave verbally and with medical documentation. (Id. ¶ 20.)

As a result of losing her job, Ms. Tiso filed for unemployment compensation. (Id. ¶ 21.) In response to Ms. Tiso's unemployment application, Ms. Updegrave corresponded with the Department of Labor and informed them that, "Roxane Tiso cannot work at this present time for Bucks County Cleaning, Inc. We are a cleaning service and have no other positions to offer her." (Id. ¶ 22.) On or about November 11, 2009, Ms. Tiso was advised by Ms. Updegrave that she was terminated. (Id. ¶ 23.)

Plaintiff filed suit on January 16, 2013 alleging three counts: (1) discrimination under the Americans with Disabilities Act, 42 U.S.C. § 1201 et. seq. ("ADA"); (2) retaliation under the ADA; (3) discrimination and retaliation under the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq. Defendant filed the instant Motion to Dismiss on March 26, 2013. Plaintiff filed a Response in Opposition on April 12, and Defendant filed a Reply Brief on April 25, making this

matter ripe for judicial consideration.

## II.     STANDARD OF REVIEW

Under Rule 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P.12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. Following these basic dictates, the Supreme Court, in Ashcroft v. Iqbal, 556 U.S. 662 (2009), subsequently defined a two-pronged approach to a court's review of a motion to dismiss. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Thus, although "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678–79. Second, the Supreme Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. A complaint does not show an entitlement to relief when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232-34 (3d Cir. 2008) (holding that: (1) factual allegations of

3

complaint must provide notice to defendant; (2) complaint must allege facts suggestive of the proscribed conduct; and (3) the complaint's "'factual allegations must be enough to raise a right to relief above the speculative level'") (quoting Twombly, 550 U.S. at 555)).

Notwithstanding these new dictates, the basic tenets of the Rule 12(b)(6) standard of review have remained static. Spence v. Brownsville Area Sch. Dist., No. Civ.A.08-626, 2008 WL 2779079, at *2 (W.D. Pa. July 15, 2008). The general rules of pleading still require only a short and plain statement of the claim showing that the pleader is entitled to relief and need not contain detailed factual allegations. Phillips, 515 F.3d at 233. Further, the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

## III. DISCUSSION

Defendant seeks to dismiss Plaintiff's ADA and PHRA claims under two theories. First, it claims that Plaintiff cannot prevail under either law because she is not a "qualified individual" under either law. Second, it claims that Plaintiff has not suffered an adverse employment decision as a result of discrimination.

### A. Whether Plaintiff is a Qualified Individual Under the ADA and PHRA

The ADA prohibits an employer from discriminating "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). ADA discrimination claims are analyzed under the burden-shifting

framework adopted in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Parker v. Verizon Pa., Inc., 309 F. App'x. 551, 555 (3d Cir. 2009). Under the ADA, a "qualified individual" is one "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Reasonable accommodations may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities." 42 U.S.C. § 12111(9)(B). Whether an accommodation is reasonable is a question of fact. Turner v. Hershey Chocolate USA, 440 F.3d 604, 614 (3d Cir. 2006). The same legal standard applies to Plaintiff's claims under the ADA and the PHRA. Kelly v. Drexel Univ., 94 F.3d 102, 105 (3d Cir. 1996).

Defendant claims that Plaintiff cannot meet the standard for a qualified individual because she was *completely* disabled and, as such, could not perform the functions of the position with or without reasonable accommodation. In order to substantiate its argument, Defendant points to a document outside the pleadings: namely, a copy of Plaintiff's doctor's Disability Certificate, which stated that from October 14, 2009 to November 17, 2009, Plaintiff was "totally incapacitated." Fed. R. Civ. P. 12(d), however, states that the attachment of documents outside the pleadings turns a Motion to Dismiss into a Motion for Summary Judgment. Because neither side has had the opportunity to conduct full discovery, it is improper at this time to rule on such a Motion. Taking only the pleadings as true, as the Court must in a Motion to Dismiss, Plaintiff has alleged enough to demonstrate she is a qualified individual under both the ADA and the

5

PHRA.[1]

### B. Whether Plaintiff Suffered an Adverse Employment Action

For a Plaintiff to prevail on a discrimination claim or a retaliation claim under either the ADA or the PHRA, he must demonstrate that he suffered an adverse employment action. See Slagle v. Cnty. of Clarion, 435 F.3d 262, 265 (3d Cir. 2006); Williams v. Phila. Hous. Auth. Police Dep't, 380 F.3d 751, 759 (3d Cir. 2004). Defendant contests that Tiso suffered no adverse employment action because she was not terminated but left her position voluntarily. Specifically, Defendant contends that "Plaintiff voluntarily and unilaterally left her employment with Defendant for a self-described medical leave of absence—which she did not request from Defendant." (Def.'s Resp. Opp'n Dismiss 4.) Once again, however, Defendant relies on and attaches a document outside the pleading—a December 2009 letter in which it allegedly offered Plaintiff continued employment in a non-supervisory position. Though this letter may well demonstrate that Plaintiff voluntarily chose to leave her position, the Court declines to consider documents outside of the pleadings at the Motion to Dismiss stage for the reasons discussed above.

---

[1] In its Reply Brief, Defendant cites to Kiniropoulos v. Northampton County Child Welfare Serv., No. Civ.A.11-6593, 2013 WL 140109, at *2 (E.D. Pa. Jan. 11, 2013) for the notion that "the exhibits attached to [a] Defendant's Motion to Dismiss may properly be considered under Rule 12(b)(6) without converting the motion into one for summary judgment because they are integral to or explicitly relied on in Plaintiff's complaint." See also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). While Defendant is correct, the document at issue here is neither integral to nor explicitly relied on in Plaintiff's complaint, nor is it undisputedly authenticated.. See Burlington, 114 F.3d at 1426; In re Donald J. Trump Casino Sec. Litig., 7 F.3d 357, 368 n.9 (3rd Cir.1993). Accordingly, the Court declines to consider it.

## IV. CONCLUSION

In light of the foregoing, Defendant's Motion to Dismiss is denied. To the extent Defendant relies on documents outside the pleadings in its arguments, the Court declines to consider them pursuant to Fed. R. Civ. P. 12(d). The documents Defendant seeks to have the Court consider are not integral or explicitly relied on in the Complaint, nor are they documents whose authenticity is undisputed.

An appropriate Order follows.